IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS CHAPMAN WEEMS, #293-520 | : |
|     Petitioner | : |
|     v. | :   CIVIL ACTION NO. PWG-13-3667 |
| JOHN S. WOLFE, et al., | : |
|     Respondents | : |

## MEMORANDUM OPINION

Respondents move to dismiss Thomas Chapman Weems's petition for writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2). (ECF No. 4). Weems has responded, arguing the applicable limitations period should be deemed tolled because his claims concerning the voluntariness of his guilty plea did not exist prior to a recent Maryland decision, *State v. Daughtry*, 18 A.3d 60 (Md. 2011), which overturned a conviction on direct appeal based on a deficient plea colloquy that did not explain the nature of the offense in sufficient detail. (ECF No. 6). After reviewing these papers, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, I shall dismiss the petition with prejudice based on threshold deficiencies discussed herein.

### Procedural History

On July 29, 1999, Weems pleaded guilty in the Circuit Court for Prince George's County to felony murder, first-degree burglary, armed robbery, first-degree rape, and first-degree sexual offense and was sentenced to life imprisonment without parole. (Pet., ECF No. 1; State Ct. Docket 7-8, Resp. Ex. 1, ECF No. 4-1). Weems's application for leave to appeal the entry of his guilty plea and sentence was summarily denied by the Court of Special Appeals of Maryland in

an unreported opinion filed on May 7, 2001. (ECF No. 4-2). Weems did not seek further review in the United States Supreme Court; thus, his judgment became final for direct appeal purposes on August 6, 2001. *See* Sup. Ct. Rule 13.1 (petition for writ of certiorari to be filed within 90 days of the date of the judgment of which review is sought).

Following the completion of direct appellate review, Weems did not immediately seek collateral review of his judgment of conviction. On August 12, 2004, he submitted to the Circuit Court a non-compliant petition for post-conviction relief that was not accepted for filing. (State Ct. Docket 9). On April 16, 2009, another post-conviction petition was accepted for filing; the matter was "held" on November 9, 2010 (*id.* at 11-12) and relief denied and the post-conviction petition dismissed on March 15, 2011. (*Id.* at 12-13). Weems's application for leave to appeal this denial of post-conviction relief was summarily denied by the Court of Special Appeals in an unreported opinion filed on June 18, 2012; the court's mandate issued one month later, on July 19, 2012. (ECF No. 4-3).

While Weems's application for leave to appeal the denial of post-conviction relief was pending, on April 25, 2011, the Maryland Court of Appeals issued the *Daughtry* decision. More than one year later, on December 4, 2012, Weems moved unsuccessfully to reopen post-conviction proceedings based on *Daughtry*. (Pet. 5, 8; State Ct. Docket 13). Denial of the motion to reopen became final on December 16, 2013. (ECF No. 4-4).

While the motion to reopen was pending, on December 4, 2013, the Clerk received the Petition in this case, signed November 27, 2013,[1] wherein Weems raises two attacks on his guilty plea. He first argues that his guilty plea should be vacated because he was not adequately

---

[1] For the purposes of assessing timeliness, the petition is deemed delivered to prison authorities on the signature date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

informed of the elements of the crimes for which the plea was tendered, in violation of his Sixth and Fourteenth Amendment rights. He further argues that he was not afforded due process based on the requirements of Md. Rule 4-242(c),[2] as mandated by the Court of Appeal of Maryland in *Daughtry*.[3] (Compl. 5-6).

## Threshold Issues

### Statute of Limitations

Weems first alleges violation of the Sixth and Fourteenth Amendments based on the trial court's acceptance of his guilty plea without informing him of the elements of the offenses for which the plea was tendered.

---

[2] Rule 4-242(c), at issue here, provides that:

> The court may not accept a plea of guilty, including a conditional plea of guilty, until after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines and announces on the record that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. . . The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty.

[3] On September 5, 2006, Demetrius Daughtry pleaded guilty to first-degree murder and a handgun offense in the Circuit Court for Prince George's County. On direct appeal, Daughtry argued that his plea colloquy was insufficient to show that his plea was voluntary and based on his understanding of the nature of the charges. The Court of Special Appeals vacated Daughtry's convictions, and the State obtained *certiorari* review. On April 25, 2011, the Maryland Court of Appeals examined Maryland Rule 4-242 and applicable case law and affirmed the lower appellate court ruling. In so doing, the court held that a defendant must be made aware of the nature of the charges against him, and the plea record must reflect more than the fact that the defendant is represented by counsel and discussed generically the plea with his attorney. The appellate court also determined that its ruling did not overrule long-standing prior law or declare a new principle of law with regard to the voluntariness of guilty pleas, and would be given full retrospective effect. *See Daughtry*, 18 A.3d at 79-81.

Title 28 U.S.C. § 2244(d),[4] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. Here, Weems completed his direct appeal on August 2001, and had one year from that date in which to file a petition for writ of habeas corpus in federal court raising his Sixth and Fourteenth Amendment claims. The record does not reflect whether Sixth or Fourteenth Amendment claims regarding the sufficiency of the plea were presented when he sought leave to appeal his plea (or nearly a decade later, by way of post-conviction review). Such claims, however, are derivative of the protections afforded in *Boykin v. Alabama*,[5]

---

[4] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5 To be valid, a guilty plea must be the informed and intelligent decision of the criminal defendant, *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); and must be the voluntary and intelligent choice of the defendant among alternative courses of action open to him, *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); and a guilty plea is unacceptable if the defendant does not comprehend his constitutional protections and the charges lodged against him,

395 U.S. 238, 242 (1969). Thus, Supreme Court case law existed to support Sixth or Fourteenth Amendment challenges to a guilty plea in 1999, when Weems's plea was accepted by the Circuit Court. In sum, Weems's Sixth and Fourteenth Amendment claims could have been presented to this Court within the one-year limitations period. Any attempt to present such claims here is statutorily time-barred.

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). In order to be entitled to equitable tolling, Weems must establish either that some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Weems attempts to avail himself of the equitable tolling provisions, weaving his Sixth and Fourteenth Amendment claims into the context of his *Daughtry* claim, and arguing that he sought federal habeas corpus relief within one year following his unsuccessful attempt to have the state courts apply *Daughtry* retroactively to his conviction. This representation of timeliness is not supported by the docket; *Daughtry* was decided on April 25, 2011, and it appears that Weems did not move to reopen state post-conviction proceedings until December 2, 2012.

---

*Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). These constitutional protections existed at the time Weems entered his plea.

Even if Weems had moved timely to reopen state post-conviction proceedings in light of *Daughtry*, his attempt to revive his Sixth and Fourteenth Amendment claims based on recent interpretation of state law fares no better. Weems's *Daughtry* claim for relief is based on an alleged failure (presumably by trial counsel and/or the trial court) to interpret and apply a Maryland procedural rule properly at the time Weems entered his plea. Even if Weems had sought habeas corpus relief within one year of *Daughtry* (which he did not), the Maryland Rule interpreted in *Daughtry* could be examined here only if the decision established a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(c). *Daughtry* was a state court decision that did not arise as a result of a new rule of constitutional law recognized by the Supreme Court. Rather, it clarified a state procedural rule.[6] Thus, it cannot start anew the running of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C).

It is unclear what effect the *Daughtry* decision will have on Maryland guilty pleas that predate its issuance. To the extent Weems presented a *Daughtry* claim in his attempt to reopen state post-conviction proceedings, the state courts appear to have rejected *Daughtry's* application to the facts of his case. (State Ct. Docket 13-14 (docket entries of December 4, 2012, December 27, 2012, and December 19, 2013); ECF No. 4-4).

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Weems from timely filing for relief in this court following the completion of his direct appeal. To the extent delay might be attributed to his lack of understanding of the law,

---

[6] A writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States, *see* 28 U.S.C. § 2254(a), and "'federal habeas corpus relief "does not lie for errors of state law."' *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S., at 67–68. The fact that a state rule or procedure may not have been followed at trial, without more, does not raise a cognizable claim in a federal habeas corpus proceeding. To the extent this ground for relief might be cognizable, it would be barred as outside the statute of limitation for reasons set forth herein.

unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Weems has failed to satisfy his burden to demonstrate that equitable tolling is warranted. Thus, all the claims raised in his petition, to the extent they are cognizable, are time-barred.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse*, 252 F.3d at 684 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The court will not issue a COA because Weems has not made the requisite showing.[7]

A separate order follows.

_____
(Date)

_____
Paul W. Grimm
United States District Judge

---

[7] Denial of a COA in the district court does not preclude Weems from requesting a COA from the appellate court.